IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONICA A. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2551-JAR |
| | ) |
| KANSAS DEPARTMENT FOR | ) |
| CHILDREN AND FAMILIES, et al. | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

The pro se plaintiff, Monica A. Green, has filed a motion seeking to commence and proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 ("IFP application") (ECF No. 3), along with an accompanying affidavit of financial status. Plaintiff has also filed a motion asking the court to appoint counsel to represent her in this case (ECF No. 4). The court has reviewed the record and finds that supplementation of the documents is necessary.

As an initial matter, the court observes that plaintiff's filings thus far—i.e., plaintiff's complaint, IFP application, financial affidavit, and motion for appointment of counsel—are unsigned. Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented." District of Kansas Local Rule 5.1(b) similarly provides that "every pleading, motion, or other paper filed by a party not represented by an attorney must bear the genuine signature of the pro se party."

In addition to failing to comply with the above signature requirements, the financial affidavit submitted in support of plaintiff's IFP application is otherwise incomplete. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] "'[P]roceeding *in forma pauperis* in a civil case is a privilege, not a right—fundamental or otherwise.'"[3] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[4]

In section III.D of plaintiff's form financial affidavit, plaintiff checked "yes" next to various sources of income, indicating she has received money from these sources in the last 12 months. Plaintiff, however, fails to provide the amount of money received from each of these sources. Additionally, it's unclear whether plaintiff is currently employed. In section II.A, plaintiff checked "no" to indicate she is not currently employed, but proceeded to provide information with respect to an employer when

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n. 1 (10th Cir. Jan. 26, 2006).

[3] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[4] *Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

directed to provide such information "if currently employed." The court is left unable to make a determination that the waiver of court costs and fees is justified.

Plaintiff is directed to provide the clerk's office with <u>signed</u> versions of her complaint, IFP application, and motion for appointment of counsel by **September 29, 2017**. Plaintiff is cautioned that if she fails to comply with this order, the court will strike the unsigned papers.[5]

Plaintiff is further ordered to file a supplemental financial affidavit by **September 29, 2017.** The supplemental affidavit should include the amount of each of plaintiff's sources of income and clarify whether plaintiff is currently employed. The supplemental affidavit should also be signed.

A copy of this order shall be mailed to plaintiff by certified and regular mail.

IT IS SO ORDERED.

Dated September 20, 2017, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                               James P. O'Hara
                                               U.S. Magistrate Judge

---

[5] Fed. R. Civ. P. 11(a) provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."