IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONICA A. GREEN,                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 17-2551-JAR
                                        )
KANSAS DEPARTMENT FOR                   )
CHILDREN AND FAMILIES, et al.,          )
                                        )
            Defendants.                 )

**ORDER**

Defendants have filed a motion to stay discovery and other Rule 26 activities (ECF No. 17) pending a ruling on their motion to dismiss (ECF No. 15).  Plaintiff has not filed a response to the motion to stay discovery, and the time for doing so under D. Kan. Rule 6.1(d) has run.  The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery

even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[2] The decision whether to stay discovery rests in the sound discretion of the district court.[3] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendants' pending dispositive motion. Defendants assert they're entitled to Eleventh Amendment immunity. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]  In addition, the court finds that a ruling on the dispositive motion could conclude this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1.  Defendants' motion to stay (ECF No. 17) is granted.

2.  All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3.  Should the case survive the pending motion to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of the ruling on the motion.  The court will then promptly set a scheduling conference.

Dated December 19, 2017, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[5] *Id*. at 232; *see also Gallegos v. City and Cty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)).

[6] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).