**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MONICA A. GREEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, JENI BUTCHER, AND DALISHA MARSHALL,**<br><br>**Defendants.** | **Case No. 17-2551-JAR-JPO** |

**MEMORANDUM AND ORDER**

Plaintiff Monica Green brings this action *pro se* and *in forma pauperis*, alleging civil rights violations against Defendants Kansas Department for Children and Families ("DCF"), and DCF employees Jenni Butcher and Dalisha Marshall. Plaintiff claims Defendants violated her Fourth and Fourteenth Amendment rights. The Complaint contains no factual allegations, but Plaintiff attached to the Complaint a document she submitted to the Wyandotte County, Kansas District Court objecting to a child welfare caseworker's report. Before the Court is Defendants' Motion to Dismiss (Doc. 15). Plaintiff has not responded to the motion. The motion can therefore be granted for failure to file a response. It can also be granted on the merits, as described more fully below.

## I. Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

## II.   Subject Matter Jurisdiction

Defendants move to dismiss this case for lack of subject matter jurisdiction on two grounds: (1) sovereign immunity, and (2) *Younger* abstention.  Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[3]  The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[4] and mere conclusory allegations of jurisdiction are not enough.[5] Pursuant to the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[6]  If a court determines that it lacks subject matter jurisdiction, it must

---

[2]*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[4]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[5]*United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6]Fed. R. Civ. P. 12(h)(3).

dismiss the case regardless of the stage of the proceedings.[7] Federal courts have a duty to raise lack of subject matter jurisdiction *sua sponte* when the parties do not raise it themselves.[8]

Because Plaintiff appears *pro se*, the Court must construe his pleadings liberally.[9] But the Court cannot thereby assume the role of advocate,[10] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]

**A. Sovereign Immunity**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[12] The principle of sovereign immunity, which is confirmed by the Eleventh Amendment, provides that states and state agencies are generally immune from suit.[13] When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding states from suit.[14] Thus, "[t]he Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court."[15] Sovereign immunity does not apply when a state waives its immunity, and in some circumstances Congress may abrogate states' sovereign immunity by appropriate legislation.[16] "But absent waiver or valid abrogation,

---

[7] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

[8] *Id.*

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[12] *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).

[13] *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[14] *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[15] *Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 20–21, *Edelman v. Jordan*, 415 U.S. 651, 664–66 (1974); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007)).

[16] *Va. Office for Protection & Advocacy*, 563 U.S. at 253–54 (citations omitted).

federal courts may not entertain a private person's suit against a State."[17] A "waiver of sovereign immunity 'cannot be implied'"; it "must be unequivocally expressed."[18] Similarly, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[19]

Plaintiff's claims arise under 42 U.S.C. § 1983, based on alleged constitutional violations. Section 1983 provides a vehicle for plaintiffs to bring suit against persons "acting under color of state law" for deprivations of constitutional or other federally protected rights.[20] Section 1983 does not abrogate states' sovereign immunity, and states and their agencies do not qualify as "persons" under § 1983.[21] Thus, Plaintiff's § 1983 claims against DCF, and his official capacity claims against Butcher and Marshall,[22] must be dismissed under the doctrine of sovereign immunity.[23]

### B. *Younger* Abstention

Although Plaintiff provides this Court with no factual allegations in her Complaint that explain the basis of her civil rights claims, she attaches a document that appears to have been submitted by her to the Wyandotte County, Kansas District Court, entitled "Objections and

---

[17] *Id.*

[18] *Modoc Lassen Indian Housing Auth. v. U.S. Dep't of Housing & Urban Devel.*, 864 F.3d 1212, 1228 (10th Cir. 2017) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[19] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 786 (1991)).

[20] 42 U.S.C. § 1983; *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (citing *D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir. 1990)).

[21] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (10th Cir. 1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (citing *Will*, 491 U.S. at 71) ("§ 1983 does not abrogate state sovereign immunity—indeed, states are not even 'persons' within the meaning of § 1983.").

[22] When a suit is brought against a state official in her official capacity, it is treated as a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Will*, 491 U.S. at 71.

[23] The Supreme Court has carved out an exception to Eleventh Amendment immunity for suits for injunctive relief against state officials in their official capacities. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (citing *Ex Parte* Young, 209 U.S. 123 (1908)). Plaintiff only seeks monetary damages in this case, so the *Ex Parte Young* exception does not apply.

Corrections to the Report of the Child Welfare Caseworker."[24] In this document, she complains about the investigation into whether her child, A.G., has been sexually abused by the child's grandfather, and that DCF caseworkers entered her home and removed the child from her custody without good cause. Defendants have also submitted documents filed in Case Number 17JC320 in that state court. In that case, DCF petitioned for an Order of Protective Custody for A.G. The Court takes judicial notice of these documents for purposes of evaluating whether it should abstain from exercising jurisdiction in this matter.[25]

"In the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings."[26] *Younger* abstention "is the exception, not the rule."[27] In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[28] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[29]

---

[24]Doc. 1-3.

[25]Fed. R. Evid. 201; *see Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[26]*Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 161 (10th Cir. 2009) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[27]*Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).

[28]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).

[29]*Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

Here, the requirements of *Younger* abstention are met. There is an ongoing Child in Need of Care ("CINC") action in the Juvenile Department of the Wyandotte District Court. The Supreme Court has directed that "the federal court should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'"[30] "[A]bstention is appropriate unless state law clearly bars the interposition of the [federal statutory] and constitutional claims."[31] Plaintiff has not made the necessary showing that the state court is an inadequate forum, especially given that Kansas courts may consider constitutional challenges to child custody and adoption proceedings on appeal.[32] Finally, child custody actions clearly involve important state interests. The Tenth Circuit has noted that "adoption and child custody proceedings are an especially delicate subject of state policy,"[33] weighing heavily in favor of abstention.[34] Because the *Younger* requirements are met, the Court is required to abstain.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 15) is **granted**. This case is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 28, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[30] *Moore v. Sims*, 442 U.S. 415, 425 (1979) (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)) (emphasis in original).

[31] *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (quoting *Moore*, 442 U.S. at 425–26).

[32] *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (noting that Kansas Court of Appeals has often addressed constitutional challenges to child custody procedures).

[33] *See Yancey v. Bonner*, 323 F. App'x 674, 676 (10th Cir. 2009).

[34] *Fisher*, 531 F. Supp. 2d at 1267 (citing *Morrow*, 94 F.3d at 1393).